**NOT FOR PUBLICATION**

FILED



DEC 22 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ISSAM YAACOUB,<br><br>        Petitioner,<br><br>v.<br><br>JEFFERSON B. SESSIONS III, Attorney General,<br><br>        Respondent. | No.   11-72261<br><br>Agency No. A098-916-140<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 6, 2017[**]
Pasadena, California

Before:  WARDLAW and GOULD, Circuit Judges, and COLLINS,[***] Chief District Judge.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Raner C. Collins, Chief United States District Judge for the District of Arizona, sitting by designation.

Issam Yaacoub, a native and citizen of Lebanon, petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming the Immigration Judge's ("IJ") adverse credibility finding, denial of his application for asylum and withholding of removal, and denial of his request for relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations set forth in the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039–40 (9th Cir. 2010). We deny the petition for review.

1.      Substantial evidence supports the agency's adverse credibility determination based on Yaacoub's inconsistent testimony, lack of documentary evidence, and omissions of key incidents from his asylum application. *See Shrestha*, 590 F.3d at 1048 (adverse credibility finding reasonable under totality of the circumstances). For example, at one point Yaacoub testified his friend was abducted ten days after the demonstration in May, 1998, but this conflicts with other testimony that his friend was abducted three weeks to one month after the demonstration. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000). Yaacoub also omitted several key events from his declaration, including a physical fight with members of Hezbolla and an instance where members of Hezbolla allegedly

shot at him. *See Alvarez-Santos v. I.N.S.*, 332 F.3d 1245, 1254 (9th Cir. 2003) (upholding adverse credibility determination where asylum applicant omitted key incident from his asylum application). In the absence of credible testimony, Yaacoub failed to establish eligibility for asylum and he necessarily failed to meet the more stringent standard for withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

2. Because Yaacoub's claim under the CAT is based on the same testimony and documentary evidence that the IJ and BIA found not credible, and he points to no other evidence that the IJ should have considered in making its determination under CAT, his CAT claim also fails. *See id.* at 1157.

**PETITION FOR REVIEW DENIED.**